# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| THERESA BACA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:19-cv-06057-RK |
| | ) |
| CITY OF PARKVILLE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction and motion for judgment on the pleadings. (Doc. 96.) The motion is fully briefed. (Docs. 99, 101.) After careful consideration and for the reasons below, Defendant's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**, and this case is remanded to state court pursuant to 28 U.S.C. § 1447(c).

### I. Background and Procedural Posture

Initially filed in the Circuit Court of Platte County, Missouri, this civil lawsuit was removed to federal court on April 30, 2019, based on federal question jurisdiction, in part established by Plaintiff's claims against Defendant City of Parkville[1] under 42 U.S.C. § 1983 and 42 U.S.C. § 12132 *et seq.*, Americans with Disabilities Act ("ADA"). Plaintiff was pulled over by an officer with the Parkville Police Department for a traffic violation. During the traffic stop, police discovered Plaintiff had an active arrest warrant out of a nearby local jurisdiction. The officers physically struggled to take Plaintiff into custody and Plaintiff was ultimately arrested, charged, and prosecuted for resisting arrest. As a result, Plaintiff spent two days in the Platte County Detention Center and she ultimately pleaded guilty to a lesser charge. (Doc. 1-1 at ¶¶ 57, 59, 131.) Specifically, Plaintiff pleaded guilty to littering and was assessed a $400 fine. (Doc. 96-1.)[2]

---

[1] Plaintiff's complaint also asserted claims against the Parkville Police Department, although the Court has since granted summary judgment in favor of the Parkville Police Department as a non-suable entity. (Doc. 94 at 10-11.)

[2] Although not specifically included in her complaint, the littering charge and fine imposed is a matter of public record that may be considered even though Defendant asserts a facial challenge for subject-matter-jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Kloeckner v. Solis*, No. 4:09CV804-DJS, 2010 WL 582590, at *2 (E.D. Mo. Feb. 18, 2010) (in the context of a facial challenge under Rule 12(b)(1), finding "the Court may consider some materials that are part of the public record")

Plaintiff now seeks relief under § 1983 against Defendant pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Initially, Plaintiff asserted claims of excessive force and wrongful arrest/prosecution under § 1983 and reasonable accommodation and unlawful arrest claims under the ADA. The Court granted summary judgment in favor of Defendant as to Plaintiff's ADA claims as well as Plaintiff's *Monell* claim under § 1983 for excessive force and wrongful arrest. (*See generally* Doc. 94.) At the same time, however, the Court denied Defendant's motion for summary judgment as to Plaintiff's *Monell* claim under § 1983 for wrongful prosecution, rejecting Defendant's sole argument on summary judgment that the city prosecutor was not a final decisionmaker to support *Monell* liability. (*Id.* at 15-16.)

Trial in this matter is scheduled to be held July 11, 2022. (Doc. 100.) With the exception of deadlines associated with the trial date (including those tied to the initial and final pretrial conference), all other deadlines have expired, and no further extensions have been sought by either party. Defendant now argues the Court should dismiss the sole remaining claim under § 1983 for lack of subject matter jurisdiction (Rule 12(b)(1)) or to grant judgment on the pleadings (Rule 12(c)) in favor of Defendant. (Doc. 96.) Plaintiff argues Defendant's motion pursuant to Rule 12(b)(1) and (c) should not be considered because it is untimely under the scheduling order and Defendant is not otherwise entitled to relief. (Doc. 99.)

II. Discussion

It is axiomatic that "[a]ny party or the court may, at any time, raise the issue of subject matter jurisdiction." *GMA Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004) (citations omitted); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Allen v. United States*, 590 F.3d 541, 544 (8th Cir. 2009) (even considering a lack-of-jurisdiction challenge raised for the first time on appeal); *Honeywell Int'l Inc. v. ICM Controls Corp.*, No. 11-569 (JNE/TNL), 2014 WL 5106739, at *1 n.1 (D. Minn. Oct. 10, 2014) (rejecting as without merit motion to strike as untimely opposing party's motion to dismiss for lack of subject matter jurisdiction because the issue of subject matter jurisdiction can be raised at any time) (citing *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (other citation omitted)). Accordingly, the Court first

---

(citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)) (other citation omitted). For ease of reference, the Court refers to Doc. 96-1, a copy of the citation and fine as attached to Defendant's motion to dismiss for lack of subject matter jurisdiction.

considers Defendant's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).

Where, as here, a defendant attacks the sufficiency of the complaint on its face to establish subject matter jurisdiction, the Court accepts as true all facts alleged in the complaint and determines whether those facts support federal subject matter jurisdiction. *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016). When faced with a Rule 12(b)(1) jurisdictional challenge, "the non-moving party receives the same protections it would defending against a motion brought under Rule 12(b)(6)," and the complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Osborn v. United States*, 918 F.2d 724, 725 n.6 (8th Cir. 1990) (citations omitted).

Under 28 U.S.C. § 1331, federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Here, Plaintiff asserts a claim under 42 U.S.C. § 1983. Section 1983 provides a civil remedy when a "person . . . under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]"

"In order for the court to have subject matter jurisdiction, the pleading must, on its face, state a cognizable claim for relief. In a section 1983 action, the plaintiff must be able to point to a specific, articulable constitutional right that is transgressed." *Landrum v. Moats*, 576 F.2d 1320, 1324 (8th Cir. 1978); *see McKenzie v. City of White Hall*, 112 F.3d 313, 316 (8th Cir. 1997) (recognizing "Jurisdiction is based on the complaint's allegations. If the [plaintiffs]' complaint stated a claim on its face, it alleged a valid § 1983 action and successfully invoked the district court's jurisdiction.") (citation omitted).

As the Supreme Court has recognized, "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. Cty. of Oneida*, 414 U.S. 661, 666 (1974)) (other citation omitted); *accord N.W. S.D. Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) ("A non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction."); *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005)

("If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate.") (citation omitted); *cf. Owasso Indep. Sch. Dist. No. 1-011 v. Falvo*, 534 U.S. 426, 431 (2002) (although there remained an "open question" whether the Family Educational Rights and Privacy Act (FERPA) provides a basis for § 1983 claim, the Supreme Court otherwise had subject matter jurisdiction "because [plaintiff]'s federal claim is not so 'completely devoid of merit as not to involve a federal controversy'") (citation omitted).

Plaintiff alleges in her complaint that the city prosecutor "knew that Plaintiff's conduct was an involuntary reaction" and therefore "could not have constituted resisting arrest" and "[d]espite knowing that Plaintiff had not resisted arrest, Defendant[] prosecuted Plaintiff for resisting arrest," invoking the Fourth Amendment. (Doc. 1-1 at 14-15.) As a result of this unconstitutional prosecution, Plaintiff alleges, she was "forced to make the choice of either going to trial on the resisting arrest charge [that was "never dropped"] or pleading guilty to a lesser charge," and ultimately "opted to plead guilty to the lesser charge [of littering]." (*Id.* at ¶¶ 58-59.) Defendant argues the Court lacks subject matter jurisdiction because (1) wrongful prosecution is not a cognizable claim under § 1983, and (2) Plaintiff's § 1983 claim is otherwise barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

A. **Whether Plaintiff's wrongful prosecution claim is cognizable under § 1983**

First, Defendant argues Plaintiff's complaint fails to allege facts to support subject matter jurisdiction since Plaintiff's claim for "wrongful prosecution" is not cognizable under § 1983. In support of this argument, Defendant primarily relies on an Eighth Circuit case, *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). In *Kurtz*, the Eighth Circuit held:

> Section 1983 only provides a remedy for violations of rights expressly secured by federal statutes or the Constitution. The Constitution does not mention malicious prosecution nor do plaintiffs cite a basis for a federal action for malicious prosecution. Moreover, this court has uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury. *Gunderson v. Schlueter*, 904 F.2d 407, 409 (8th Cir. 1990). Thus, plaintiffs' allegation of malicious prosecution cannot sustain a civil rights claim under § 1983. *Kohl v. Casson*, 5 F.3d 1141, 1145 (8th Cir. 1993).

*Id.* at 758.

Despite Defendant's suggestion to the contrary, a close reading of *Kurtz* reveals the Eighth Circuit did not foreclose completely a § 1983 claim based upon malicious or wrongful (i.e., unconstitutional) prosecution. *See Robinson v. Norling*, 25 F.4th 1061, 1063 (8th Cir. 2022) (affirming dismissal of malicious-prosecution claim under § 1983 where "[w]hatever 'more' is

4

required, [plaintiff] does not provide it"); *Joseph v. Allen*, 712 F.3d 1222, 1228 (8th Cir. 2013) ("an allegation of malicious prosecution without more cannot sustain a civil rights claim under § 1983"); *Kohl*, 5 F.3d at 1145 (holding "a claim of malicious prosecution, without more, does not state a claim under 42 U.S.C. § 1983, which provides redress only for federal constitutional or statutory violations"); *see also Bates v. Hadden*, 576 F. App'x 636, 639 (8th Cir. 2014) (recognizing in prior Eighth Circuit cases, the court of appeals has "specifically *declined to decide* whether a Fourth Amendment right against malicious prosecution exists") (emphasis in original) (citing *Harrington v. City of Council Bluffs, Iowa*, 678 F.3d 676, 680 (8th Cir. 2012)).

Indeed, the Eighth Circuit has held a § 1983 claim where a plaintiff was prosecuted without probable cause, "even if labeled a claim of malicious prosecution," is properly analyzed under the Fourth Amendment. *Stewart v. Wagner*, 836 F.3d 978, 984 (8th Cir. 2016); *see Powers v. City of Ferguson*, 229 F. Supp. 3d 894, 904 (E.D. Mo. Jan. 17, 2017) (recognizing: "A claim for prosecution without probable cause can be maintained under the Fourth Amendment.") (citing *Greenman v. Jessen*, 787 F.3d 882, 890-91 (8th Cir. 2015)).

That a Fourth Amendment claim for malicious prosecution is cognizable under § 1983 was very recently confirmed by the Supreme Court in *Thompson v. Clark*, 142 S. Ct. 1332 (April 4, 2022). In *Thompson*, the Supreme Court clarified the required elements of a Fourth Amendment malicious prosecution claim under § 1983. Specifically, a majority of the Supreme Court held:

> To maintain [a] Fourth Amendment claim [for malicious prosecution] under § 1983, a plaintiff such as Thompson must demonstrate, among other things, that he obtained a *favorable termination* of the underlying criminal prosecution. Cf. *Heck v. Humphrey*, 512 U.S. 477, 484 and n.4 (1994). This case requires us to flesh out what a favorable termination entails. . . .
>
> We conclude as follows: To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that [their] prosecution ended without a conviction.

*Id.* at 1335. In *Thompson*, then, a majority of the Supreme Court recognized as cognizable a Fourth Amendment claim based upon malicious prosecution brought under § 1983.

Similarly and notwithstanding *Thompson*, Defendant argues in this case Plaintiff "is making a claim for 'wrongful' prosecution, not malicious prosecution," and that *Thompson* "did not adopt a 'wrongful' prosecution claim." (Doc. 101 at 3.) This largely unsupported argument is unpersuasive, particularly where Defendant itself recognizes, generally, "federal courts using the terminology 'wrongful prosecution' do so in the context of malicious prosecution claims." (*Id.*

5

at 3-4 (citing *Thompson*; *Holmes v. Slay*, No. 4:12CV2333 HEA, 2015 WL 1349598 (E.D. Mo. Mar. 25, 2015)).) Nonetheless, to determine whether Plaintiff's complaint alleges facts to support federal subject matter jurisdiction, the focus is on the facts alleged rather than a particular label attached to those facts. *Deroy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020) ("it is the facts and substance of the claims alleged, not the jurisdictional labels attached, that ultimately determine whether a court can hear a claim"); *see also Atkison v. Steak N Shake, Inc.*, No. 4:06-CV-1694 (CEJ), 2007 WL 1192180, at 2 (E.D. Mo. April 23, 2007) (federal subject matter jurisdiction does not exist "'where the claim set forth in the pleading is plainly unsubstantial'" or "'obviously without merit'") (quoting *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105 (1933)) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (in considering pendent jurisdiction as to a state claim with the same nucleus of operative facts, "[t]he federal claim must have substance sufficient to confer subject matter jurisdiction on the court")). Accordingly, the Court does not find Plaintiff's complaint fails to support subject matter jurisdiction by pleading a § 1983 claim for wrongful prosecution under the Fourth Amendment as described above.

### B. Whether *Heck v. Humphrey* implicates the Court's subject matter jurisdiction

Next, Defendant argues Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction because her § 1983 claim for wrongful prosecution under the Fourth Amendment is barred by *Heck v. Humphrey*. In *Heck*, the Supreme Court held claims under § 1983 seeking damages for an unconstitutional conviction or sentence are barred (and must be dismissed) without favorable termination below:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a . . . prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87 (footnote and citations omitted). In *Thompson*, the Supreme Court recently clarified in the context of a Fourth Amendment § 1983 claim for malicious prosecution, *Heck*'s

"favorable termination" requirement is satisfied where "the criminal prosecution ended without a conviction." 142 S. Ct. at 1341.[3]

The question at present is whether *Heck* implicates the Court's subject matter jurisdiction. If *Heck* is jurisdictional, the Court may consider whether Plaintiff's § 1983 claim is otherwise barred by *Heck* and may be dismissed at this stage, given the issue of subject matter jurisdiction may be raised at any time. On the other hand, if *Heck* is not jurisdictional, the Court must initially consider whether Defendant's motion for judgment on the pleadings under *Heck* is timely in this case before reaching the merits of the *Heck*-question.

The Eighth Circuit has not yet decided whether *Heck* is jurisdictional. *See Mitchell v. Kirchmeier*, 28 F.4th 888, 895 n.1 (8th Cir. 2022) (recognizing the "confusion about whether the *Heck* bar is jurisdictional" but declining to decide the question because *Heck* did not apply in that case); *compare Thurmond v. Elkins*, No. 4:17CV00314-JM-JTK, 2019 WL 1497038, at *2 (E.D. Ark. Mar. 12, 2019), *adopted by* No. 4:17CV00314 JM, 2019 WL 1495256 (E.D. Ark. April 4, 2019) (holding court lacks subject matter jurisdiction where § 1983 claims barred by *Heck*), *with Lawrence v. City of St. Paul*, 740 F. Supp. 2d 1026, 1036 (D. Minn. Sept. 15, 2010) (holding *Heck* is not jurisdictional); *but see Gautreaux v. Sanders*, 395 F. App'x 311, 312 (8th Cir. 2010) (affirming pre-service dismissal under 28 U.S.C. § 1915(e)(2)(B) – but modifying the dismissal to be without prejudice – for failure to state a claim where plaintiff's claim is *Heck*-barred).

Indeed, the split among district courts in the Eighth Circuit is reflective of largely the same throughout the federal circuit courts. For instance, the Third, Fifth, Seventh, and Tenth Circuits have held *Heck* is not jurisdictional.[4] Although it does not appear the Fourth Circuit has directly addressed the issue, district courts in the Fourth Circuit generally agree while *Heck* is not jurisdictional, district courts may nevertheless *sua sponte* dismiss a claim that is otherwise barred by *Heck*.[5] On the other hand, the First, Sixth, Eleventh, and D.C. Circuits have each suggested

---

[3] The Supreme Court specifically found "a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence." *Thompson*, 142 S. Ct. at 1341.

[4] *Colvin v. LeBlanc*, 2 F.4th 494, 498-99 (5th Cir. 2021); *Vuyanich v. Smithton Borough*, 5 F.4th 379, 389 (3d Cir. 2021); *Polzin v. Gage*, 636 F.3d 834, 837-38 (7th Cir. 2011); *see Johnson v. Spencer*, 950 F.3d 680, 697-98 (10th Cir. 2020) (collecting unpublished 10th Circuit cases holding *Heck* is not jurisdictional).

[5] *See Hamlet v. Irvin*, No. 7:20-cv-00013, 2021 WL 4164687, at *3 (W.D. Va. Sept. 13, 2021); *McCombs v. S.C.*, No. 2:18-cv-2397-RBH-MGB, 2018 WL 5650025, at *4 n.2 (D.S.C. Sept. 26, 2018), *adopted by* 2:18-cv-02397-RBH (D.S.C. Oct. 31, 2018); *Hicks v. Canterbury*, 2:13-cv-27830, 2015 WL

7

*Heck* is jurisdictional.[6] And while the Second Circuit does not appear to have addressed the issue itself, district courts in the Second Circuit generally agree that *Heck* is jurisdictional.[7] Finally, while the Ninth Circuit does not appear to have definitively addressed this issue, district courts in the Ninth Circuit, as in the Eighth Circuit, are largely split on the issue whether *Heck* implicates a federal court's subject matter jurisdiction.[8]

To be sure, the line of demarcation separating an issue of subject matter jurisdiction and the failure to state a claim or cause of action, for instance, is somewhat obscure, although the distinction is an important one. *See, e.g.*, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 510, 513-14 (2006) (examining whether statutory qualification on claim is a jurisdictional matter or a matter of the sufficiency of the pleading to state a cause of action). Indeed, subject matter jurisdiction "involves a court's power to hear a case," and as such federal courts are independently responsible to ensure subject matter jurisdiction exists in any given case presented to the court. *Id.* at 514. Because *Heck* requires the dismissal of a § 1983 action where the favorable termination requirement is not satisfied and this Court's subject matter jurisdiction in the context of a § 1983 claim requires a cognizable or not insubstantial, implausible, or patently meritless claim not foreclosed by Supreme Court precedent, the Court concludes so long as it applies, *Heck* implicates the Court's subject matter jurisdiction.

---

6509133, at *4 (S.D.W.V. Oct. 28, 2015).

[6] *See O'Brien v. Town of Bellingham*, 943 F.3d 514, 528-29 (1st Cir. 2019) (recognizing "[w]hether *Heck* bars § 1983 claims is a jurisdictional question that can be raised at any time during the pendency of litigation"); *Smith v. Burdette*, No. 18-5670, 2019 WL 2713138, at *2 (6th Cir. April 26, 2019) (referring to dismissal under *Heck* as "a dismissal on jurisdictional grounds"); *Dixon v. Hodges*, 887 F.3d 1235, 1237 (11th Cir. 2108) (recognizing "[t]he *Heck* rule . . . strips a district court of jurisdiction in a § 1983 suit"); *see also Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (holding because "state prisoners have no cause of action under 42 U.S.C. § 1983 [pursuant to *Heck*] . . . federal courts have no jurisdiction under 28 U.S.C. § 1343, with respect to claims of unconstitutional deprivations of good time credits").

[7] *See, e.g.*, *Smurphat v. Hobb*, No. 8:19-CV-804 (GTS/CFH), 2020 WL 8474801, at *4 (N.D.N.Y. Sept. 21, 2020), *adopted by* No. 8:19-CV-0804 (GTS/CFH), 2021 WL 129055 (N.D.N.Y. Jan. 14, 2021) (recognizing *Heck* as "creat[ing] a jurisdictional prerequisite to civil suits brought under 42 U.S.C. § 1983"); *Williams v. Ontario Cty. Sheriff's Dep't*, No. 662 F. Supp. 2d 321, 326-27 (W.D.N.Y. Sept. 21, 2009).

[8] *Compare Menges v. Knudsen*, 538 F. Supp. 3d 1082, 1093-94 (D. Mont. May 11, 2021) (recognizing *Heck* as presenting a jurisdictional issue); *Mason v. Mercy Med. Ctr.*, No. 2:11-CV-1309-CMK-P, 2012 WL 2457836, at *2 (E.D. Cal. June 26, 2012) (same), *with Schiro v. Clark*, No. 3:10-cv-00203-RCJ, 2015 WL 456537, at *2 (D. Nev. Feb. 3, 2015) (*Heck* is not jurisdictional).

### C. Application of *Heck v. Humphrey*

In her complaint, Plaintiff pleads the resisting arrest charges "were never dropped, and Plaintiff was forced to make the choice of either going to trial on the resisting arrest charge or pleading guilty to a lesser charge" and that she "opted to plead guilty to the lesser charge." (Doc. 1-1 at ¶¶ 58-59.) Plaintiff argues *Heck* does not apply in this case because she did not plead guilty to the resisting arrest charge that is the basis for her § 1983 claim, and at most she was convicted of violating a municipal ordinance rather than a "crime." Plaintiff's arguments are unpersuasive.

#### 1. Plea to Lesser (Littering) Violation

First, the Court is not persuaded by Plaintiff's argument that *Heck* does not apply to bar her § 1983 claim because she pleaded guilty to littering rather than resisting arrest. As is evident from the face of her pleadings, Plaintiff pleads she was wrongfully or unconstitutionally prosecuted for resisting arrest despite the lack of probable cause and was forced to plead guilty to a "lesser" charge of littering (for which she was fined $400). In other words, Plaintiff does not plead the wrongful prosecution "ended without a conviction." *Thompson*, 142 S. Ct. at 1341. Rather in her petition, Plaintiff alleges she was forced to plead guilty to a lesser violation in the course of the wrongful prosecution for which she now seeks civil relief under § 1983. Should Plaintiff prevail on her § 1983 claim as presented in this case, then, such relief "would necessarily imply the invalidity of [her] conviction." *Heck*, 512 U.S. at 487. In *Nelson v. Greiner*, No. 13-279 (DWF/LIB), 2013 WL 6036724 (D. Minn. Nov. 4, 2013), the district court found *Heck* barred a subsequent § 1983 claim where a plaintiff was convicted of a lesser-included offense. The district court emphasized this was a "common-sense conclusion that, where a plaintiff was charged criminally with one offense and subsequently convicted of a lesser-included offense, *Heck* still applies to bar claims arising from the underlying criminal act, even though the plaintiff was not convicted of the charge that he originally faced." *Id.* at *8. The Court discerns no reason – and Plaintiff provides no legal authority to the contrary – that *Heck* does not apply in the same manner in this case, particularly where Plaintiff specifically alleges that she was forced to plead guilty in the course of the wrongful or unconstitutional prosecution for which she now seeks § 1983 relief.

#### 2. Nature of Violation and Punishment Imposed

Neither is the Court persuaded by Plaintiff's argument that *Heck* does not apply to bar her § 1983 claim because she pleaded guilty to violating a municipal ordinance, not a "crime."

To be sure, Plaintiff correctly recognizes that in Missouri, violations of a municipal ordinance are considered civil proceedings rather than criminal proceedings. *City of Bellefontaine Neighbors v. Scatizzi*, 302 S.W.3d 730, 732 (Mo. Ct. App. 2010). Nevertheless, federal courts generally hold *Heck* applies equally to violations of local ordinances, even when they are considered civil rather than criminal proceedings. *See, e.g.*, *Rodriguez v. Vega*, No. 14-5161, 2014 WL 10093309, at * (W.D. Ark. Dec. 17, 2014), *adopted by* No. 5:14-CV-05161, 2015 WL 4241042 (W.D. Ark. July 13, 2015) (finding plaintiff's constitutional claims regarding the issuance of citations, fines/court costs barred by *Heck*); *Shahid v. Borough of Eddystone*, No. 11-2501, 2012 WL 1858954, at *4-5 (E.D. Pa. May 22, 2012); *Acevedo v. City of O'Fallon*, No. 4:07CV859 (CDP), 2007 WL 1541881, at *3 (E.D. Mo. May 24, 2007).

Similarly, caselaw does not support Plaintiff's argument that *Heck* applies *only* to proceedings directly involving a criminal conviction. For example, in *Entzi v. Redmann*, 485 F.3d 998 (8th Cir. 2007), the Eighth Circuit found *Heck* barred a prisoner's claim against prison officials regarding the loss of sentence-reduction credits after the prisoner failed to participate in a sex-offender treatment course. *Id.* at 1003. Similarly, in *Newmy v. Johnson*, 758 F.3d 1008 (8th Cir. 2014), the Eighth Circuit held *Heck* barred a plaintiff's § 1983 claim arguing his constitutional rights were violated where a parole officer falsely reported that the plaintiff failed to report as required and as a result the plaintiff's parole was revoked. At least in the Eighth Circuit, application of *Heck* does not depend on whether the plaintiff is actively incarcerated: rather, *Heck* "impose[s] a universal favorable termination requirement on all § 1983 plaintiffs attacking the validity of their conviction or sentence." *Id.* at 1011 (citation and quotation marks omitted); *see also Abdullah v. Minn.*, 261 Fed. App'x 926, 927 (8th Cir. 2008) (holding district court did not err in dismissing § 1983 claim as *Heck* barred where "success on [plaintiff']s claim would necessarily render invalid the 'sentence' of a fine imposed . . . and because he did not allege or show that the fine had been invalidated or that his criminal petty-misdemeanor case had otherwise been resolved in his favor"); *Johnson v. McQuistion*, No. 4:19-CV-04105-RAL, 2020 WL 344787, at *3 (D.S.D. Jan. 21, 2020) (finding *Heck* barred plaintiff's § 1983 claim seeking "recalculation of fines that were a part of his sentence, [so] he essentially asks this Court to invalidate or alter his state court sentence"); *cf. Carter v. City of Montgomery*, 473 F. Supp. 3d 1273, 1295 (M.D. Ala. 2020) (finding *Heck* did not bar § 1983 plaintiff's claim where plaintiff challenged "the procedures used to impose probation and jail him" by the municipal court for failing to pay traffic tickets rather

10

than his underlying convictions for traffic offenses); *Fant v. City of Ferguson*, 107 F. Supp. 3d 1016, 1028-29 (E.D. Mo. May 26, 2015) (finding *Heck* did not bar plaintiff's § 1983 claims based on traffic and other minor offenses that resulted only in fines because "[a] judgment in Plaintiffs' favor would not necessarily demonstrate the invalidity of Plaintiffs' underlying traffic convictions or fines, but only the City's procedures for enforcing those fines").

### 3. Conclusion

Because Plaintiff is challenging the validity of her prosecution and the conviction has not been invalidated, and Plaintiff fails to otherwise plead a favorable termination regarding the wrongful or unconstitutional prosecution, the Court concludes that Plaintiff's § 1983 claim for wrongfull prosecution under the Fourth Amendment is necessarily barred under *Heck*.

## III. Conclusion

For the reasons explained above, the Court concludes on the face of the pleadings that Plaintiff's sole-remaining § 1983 claim for wrongful or unconstitutional prosecution is barred by *Heck* and thus the Court lacks subject matter jurisdiction in this case. Accordingly, Defendant's motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction (Doc. 96) is **GRANTED**,[9] and this case is remanded to state court pursuant to 28 U.S.C. § 1447(c).[10]

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: May 10, 2022

---

[9] The Court notes Plaintiff raises valid concerns regarding the timeliness of Defendant's Rule 12(c) motion – filed ten months after the dispositive motions deadline in the amended scheduling order expired without seeking leave to file out of time or adequately satisfying Rule 16(b)'s "good cause" standard. *See Pesce v. City of Des Moines*, 433 F. Supp. 3d 1113, 1117 (S.D. Iowa Jan. 9, 2020) (holding as to a Rule 12(c) motion filed after dispositive motion deadline expired, the moving party must comply with Rule 16's good cause standard) (citing *Riggins v. Walter*, 279 F.3d 422, 427-28 (7th Cir. 1995)) (other citation omitted); *Frontczak v. City of Detroit*, No. 18-13781, 2021 WL 1736954, at *2-3 (E.D. Mich. May 3, 2021) (holding defendants must demonstrate good cause for filing of untimely Rule 12(c) motion for judgment on the pleadings); *but see Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1131 (6th Cir. 1990) (holding "the alleged untimeliness of the [Rule 12(c)] motion is no bar to the dismissal of this suit" where plaintiff did not argue it was prejudiced or that the motion was without merit). Nonetheless, because the Court grants Defendant's motion to dismiss for lack of subject matter jurisdiction – an issue that may be raised at any time – the Court does not reach Defendant's Rule 12(c) motion for judgment on the pleadings.

[10] Normally if a district court finds it lacks subject matter jurisdiction, the court must dismiss the claim or action as appropriate. *See* Rule 12(h)(3). Where, as here, the case was removed from state to federal court, however, federal law requires the district court to remand the case to state court if it finds the federal court lacks subject matter jurisdiction. *See* § 1447(c).